SOUTH FORK CANAL CO. (GORDON v.). See Case No. 5,621.

SOUTHMAYD (UNITED STATES v.). See Case No. 16,361.

SOUTH PARK COMMISSIONERS (KERR v.). See Case No. 7,733.

---

## Case No. 13,190.

### In re SOUTH SIDE R. CO.

[7 Ben. 391;[1] 10 N. B. R. 274.]

District Court, E. D. New York. July, 1874.

CONTEMPT—VIOLATION OF INJUNCTION—ATTORNEY.

1. On November 12th, 1873, a petition in bankruptcy was filed against a railroad company. On February 13th. 1874, C., a member of the law firm of H. & C., commenced an action in the supreme court of the state of New York against the company. C. had knowledge of the pendency of the bankruptcy proceedings. H. & C. appeared as attorneys for the plain-

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

tiff in the suit, and having obtained judgment against the company, they, on the 11th of April, 1874, gave notice of an application to the supreme court of the state, returnable on April 20th, for the appointment of a receiver of the property of the company. On April 18th, on motion of the attorney for the petitioning creditors in the bankruptcy proceedings, a temporary injunction was issued by the bankruptcy court, restraining C. and his attorney from proceeding with his application to the supreme court for a receiver, with an order to show cause why the injunction should not be made perpetual. The preliminary injunction was served on both H. and C. on the morning of April 20th. It was served on C. when he was already on his feet before the justice of the supreme court, engaged in making the application. He did not withdraw the application, but stated to the justice that he was enjoined from further proceedings, and handed up to the justice his motion papers, with a draft of an order for the appointment of the receiver, and the justice subsequently made the order appointing the receiver. H. having been served with the preliminary injunction, did nothing himself in the suit of C., and took steps to inform C. of the issuing of the injunction. On the return of the order to show cause before the bankruptcy court, the injunction was, on consent of C., made permanent. An application was then made to this court to punish H. & C. for a violation of the injunction: *Held*, that the excuse presented by H. was sufficient to exonerate him from punishment.

[Cited in Re Cary, 10 Fed. 627.]

2. C. was guilty of contempt in violating the injunction, and a reference must be had to ascertain the amount of the loss and expense caused by it, to enable the court to determine the proper punishment.

BENEDICT, District Judge.

This is a proceeding against Edgar A. Hutchins and Edward S. Clinch, for an alleged contempt in violating an injunction issued out of this court in the matter of the South Side Railroad Company of Long Island, bankrupt, against which company a petition of bankruptcy was filed on the 12th day of November, 1873. The parties proceeded against are attorneys at law, composing the law firm of Hutchins & Clinch, one of whom, Edward S. Clinch, as party plaintiff, on February 13th, 1874, with knowledge of the pendency of the proceedings in bankruptcy above referred to, commenced an action in the supreme court of the state of New York against the South Side Railroad Company, and, having obtained judgment in such action, by notice of motion dated the 11th of April, 1874, and returnable April the 20th, 1874, at 10 a. m. sought to obtain from the supreme court of the state the appointment of a receiver of the property belonging to the bankrupt. On the 18th day of April, and before this application to the supreme court came on to be heard, upon motion of the attorney for the petitioning creditor in the bankruptcy proceedings above mentioned, an injunction was issued out of this court restraining the said Clinch and his attorneys from further proceeding with his application to the supreme court of the state for the appointment of a receiver of the estate of the bankrupt—which injunction, it may here be remarked, was accompanied with an order to show cause why it should not be made perpetual, upon the return of which, by the consent of Clinch, the injunction was made permanent.

The preliminary injunction so issued was served on both Hutchins and Clinch, on the morning of April 20th. On the same day the application for a receiver, expressly forbidden by the preliminary injunction, was made by Clinch, the plaintiff, in person; and, on such application, a receiver of the bankrupt's property was appointed by the supreme court of the state. The injunction of this court having thus been rendered inoperative, proceedings are now taken, by the attorney for petitioning creditors, to punish the said attorneys for their acts in violation of the injunction; and they are, in this proceeding, charged with having been guilty of contempt, in that, with knowledge of the injunction of the court, and in violation of it, they made the application to the state court for the appointment of a receiver of property then in this court, as the property of a bankrupt, since adjudged so to be, and in the procuring such appointment to be made. The attorneys complained of have appeared in this proceeding and answered; and, by consent, testimony has been taken, and the matter thereupon submitted to the court for its determination. The answer of Hutchins to the charge made is, that while, as one of the firm of Hutchins & Clinch, attorneys of record in the action brought by Clinch, he is, in a certain sense, responsible for anything done in the suit brought by Clinch, he should not be subjected to punishment, because it appears that he had no personal charge of the action of Clinch; and that, when notified of the existence of the injunction issued by this court, he took steps at once to inform Clinch of its existence, and, for himself, took no action whatever towards the procuring of the appointment of the receiver. This answer on the part of Hutchins is borne out by the evidence, and can be taken as sufficient to exonerate him from liability to punishment.

On the part of the other member of the firm of Hutchins & Clinch, who was also the party plaintiff in the action brought in the supreme court, the defence interposed is based upon the fact that he was not served with the injunction until he was upon his feet, before the justice of the supreme court, engaged in making the application for a receiver; and, when so informed of the existence of the injunction, he stated to the justice that he was enjoined from further proceeding, and that he took no further action, except to hand up to the justice his motion papers, with a draft order for the appointment of the receiver asked for.

It also appears that Clinch, when served with the injunction, omitted to withdraw his application or to make any application for leave to withdraw it. On the contrary,

with knowledge of the existence of the injunction admitted and stated by him, he submitted his application to the justice for his determination, and the application so made was thereafter granted, and a receiver actually appointed by the court in his cause, in accordance with the application. The facts disclose no defence but make out a clear case of deliberate contempt. It is not easy to see what more Clinch could have done to disobey the order of this court than he did do; and the weight of the evidence is that he coupled his action with a statement, that he intended to disregard the order.

So deliberate a disregard of an order of court, by an attorney at law in his own suit, is properly brought to the attention of the court, and cannot be permitted to pass unpunished. What the extent of the punishment should be cannot well be determined, in the absence of information as to the expense and loss, caused by the act of the attorney now under consideration. I shall therefore go no further at present than to direct that an order be entered, dismissing the proceeding against Hutchins, and adjudging Clinch guilty of the contempt charged; and to direct that a reference to the register, in charge of the bankruptcy case, be had to ascertain and report to this court, the amount of expense and loss occasioned by the violation of the injunction in question. The attorney for the petitioning creditor is hereby directed to attend upon such reference, and to submit upon notice to said Clinch, such evidence as may be obtained in respect to the matters so referred.